## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

SPARKMAN & STEPHENS HOLDINGS, LLC
and SPARKMAN & STEPHENS, LLC
      Plaintiffs

      v.                                    Civil Action No.

MYSTIC SEAPORT MUSEUM, INC.,        **JURY TRIAL DEMANDED**
      Defendant

### COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT AND UNJUST ENRICHMENT

Plaintiffs Sparkman & Stephens Holding, LLC and Sparkman & Stephens, LLC (collectively, "Sparkman & Stephens"), for their Complaint against Defendant Mystic Seaport Museum, Inc. (MSM), alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action seeking monetary damages, and restitution for violation of the Copyright Laws of the United States, 17 U.S.C. §§ 101 *et seq.*, breach of contract, and unjust enrichment.

### PARTIES

2.    Plaintiff Sparkman & Stephens Holding, LLC ("SSH") is a limited liability company organized under the laws of Delaware with a principal place of business at One Washington Street, Newport, Rhode Island, 02840.

3.    Plaintiff Sparkman & Stephens, LLC ("SSL") is a limited liability company organized under the laws of Rhode Island and a wholly-owned subsidiary of SSH. SSL's principal place of business is located at One Washington Street, Newport, Rhode Island, 02840.

4.    Sparkman & Stephens is a naval architecture and brokerage firm that specializes in yacht design and brokerage. Sparkman & Stephens has a storied history stretching back to

1929, when founder Olin Stephens designed a 52-foot ocean racer christened *Dorade* that won the Trans-Atlantic race by a dramatic two-day margin.  In short order, Mr. Stephens became the most sought-after yacht designer in the world.  Over four decades following, Sparkman & Stephens designs won every single America's Cup race (with only one exception)—an astonishing achievement unlikely ever to be repeated.

5.    Sparkman & Stephens has remained legendary in terms of yacht design ever since.  For example, when the yachting industry shifted from wood to fiberglass and from one-off designs to production brands, Sparkman & Stephens remained the designer of choice.  High-end builders including Abeking & Rasmussen, Baltic, Concordia, Derecktors, Hinckley, Hylas, Lyman Morse, Morris, Nautor Swan, Northwind, Palmer Johnson, Shaw, Stellar, Tartan, Queen Long, and others boasted of having yachts designed by Sparkman & Stephens in their advertising. Simultaneously, commissions for unique Sparkman & Stephens yachts—both sail and power—continued to flow in from the major figures of the 20th century for clients such as Aga Khan, Baker, Disney, DuPont, Ford, Heath, Johnson, McGraw, Mosbacher, North, Reynolds, Rockefeller, Rothschild, Schaefer, Scripps, Sears, Turner, Vanderbilt, Watson, and many others.  In the 21st Century, Sparkman & Stephens remains at the forefront of yacht design and brokerage.

6.    Upon information and belief, Defendant Mystic Seaport Museum, Inc. is a corporation organized under the laws of Connecticut with a principal place of business at 75 Greenmanville Avenue, Mystic, Connecticut, 06355.

## JURISDICTION

7.    This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) (copyright), 28

U.S.C. § 1331 (federal question), and 28 U.S.C. § 1332 (a)(2) (diversity) (breach of contract and unjust enrichment). The amount in controversy under Plaintiffs' breach of contract claim exceeds $75,000 exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a foreign state. In addition, this Court has an independent basis for jurisdiction over Plaintiffs' claims under state law by the principles of pendent jurisdiction.

8. Upon information and belief, Defendant MSM is subject to this Court's general and specific personal jurisdiction because MSM has sufficient minimum contacts with Rhode Island and this District, because MSM purposefully availed itself of the privileges of conducting business in Rhode Island and in this District, because MSM regularly conducts and solicits business within Rhode Island and within this District, and because Sparkman & Stephens' causes of action arise directly from MSM's business contacts and other activities in Rhode Island and this District. Having purposefully availed itself of the privileges of conducting business within Rhode Island and this District, MSM should reasonably and fairly anticipate being brought into court here.

## VENUE

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant MSM regularly conducts business in this judicial district and because a substantial part of the wrongful acts complained of herein occurred in this District.

## FACTS

10. This case concerns MSM's unauthorized use of SSL's intellectual property, specifically its copyrights, MSM's breach of contract and MSM's unjust enrichment at the expense of Sparkman & Stephens. SSL is the owner by assignment of the exclusive rights to the original work and all derivative works of copyrights in the design of the Sailing Yacht *Gesture*.

Defendant MSM was granted physical possession of the Sparkman & Stephens drawings and designs related to *Gesture* under a 1989 Agreement between SSH's predecessor (Sparkman & Stephens, Inc.) and MSM.  The 1989 Agreement is attached hereto as Exhibit C.  The 1989 Agreement restricts the sale or distribution of drawings and specifically prohibits the sale of drawings to be used for boatbuilding.  MSM knowingly and intentionally sold copies of the *Gesture* designs to Sunset Development Company understanding the plans were to be used and reproduced for the rebuild and restoration of *Gesture.* Sparkman & Stephens has been harmed and MSM has been unjustly enriched by its improper sale and distribution of Sparkman & Stephens' drawings and plans.

11.     Further, MSM has breached the 1989 Agreement by failing to properly preserve and store Sparkman & Stephens' drawings and plans placed in their custody and control under the terms of the 1989 agreement.  MSM has been, and continues to store certain Sparkman & Stephens technical design drawings in unsuitable, non-climate-controlled environments in direct violation of its obligation to preserve valuable and irreplaceable Sparkman & Stephens historic documents.

12.     Finally, MSM has breached the 1989 Agreement by failing to maintain logs of all Sparkman & Stephens drawings sold and to make this information available to Sparkman & Stephens upon request.  Upon information and belief, when Sparkman & Stephens asked MSM to provide said logs, MSM informed S&S that logs for at least the period between 2000 and 2004 were missing.  Failure to maintain logs for the time period from 2000 to 2004 is a material breach of the 1989 Agreement.

**COUNT ONE**

**Direct Copyright Infringement**

**(*Gesture* Construction & Arrangement Plan – Copyright Reg. VA 2-230-174)**

13.    Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

14.    SSL owns by assignment all exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 et seq. ("Copyright Act") and all amendments thereto) to reproduce, distribute, display, license and/or create derivative works of copyrights in the *Gesture* Designs.

15.    The *Gesture* Designs are an original work created by Plaintiffs' predecessors in interest and now owned exclusively by SSL and are copyrightable under the Copyright Act.

16.    Sparkman & Stephens has registered the following *Gesture* Designs, with the U.S. Copyright Office:

| Plan | Copyright Reg. | Effective Date | Exhibit |
|---|---|---|---|
| Construction & Arrangement Plan | | | A |
| Construction & Arrangement Plan | VA 2-230-174 | Dec. 21, 2020 | B |
| Sail Plan | | | D |
| Sail Plan | VA 2-230-180 | Dec. 21, 2020 | E |
| Lines Plan | | | F |
| Lines Plan | VA 2-228-355 | Nov. 24, 2020 | G |
| Revised Sail Plan | | | H |

5

| Revised Sail Plan | VA 2-228-358 | Nov. 24, 2020 | I |
| Deck Plan | | | J |
| Deck Plan | VA 2-228-360 | Nov. 24, 2020 | K |

A true and correct copy of each *Gesture* Design Copyright Registration is attached hereto as Exhibits as indicated in the chart above.[1]  A true and correct copy of each Plan is attached hereto as Exhibits as indicated above in the chart.

17.     Under the 1989 Agreement, MSM was prohibited from licensing any of the Sparkman & Stephens Designs, including the *Gesture* Construction & Arrangement Plan, to third parties for purposes of reproducing, distributing, or creating derivative works of the *Gesture* Designs except for limited purposes such as research and publication and building model boats.

18.     The 1989 Agreement did not authorize MSM to reproduce and distribute any *Gesture* Design to any third party for boat building.

19.     Specifically, the 1989 Agreement required that "Sailplans and profiles, and arrangement drawings of decks and interiors (hereinafter Category I drawings) may be reproduced and sold by MSM for research and publication . . . ."  Exh. C, ¶ VII.  The Agreement further provided as follows:

> Reproductions of other drawings (hereinafter Category II drawings) will be sold by MSM under a legally-binding, two party agreement stating that they will be used exclusively for study or model-making, that they will not be copied, that they will not be used for boatbuilding, and that they will not be published or passed on to others.  Category II drawings will not be released for publication without written approval from S&S.  Third party violation of plan restrictions, such as boats being built without S&S agreement, will be handled on a case basis with legal action being initiated by either S&S or MSN on its own behalf.

---

[1] Exhibits B, E and G are unofficial copyright registrations.  Sparkman & Stephens will provide the Court with official registrations after it receives them from the Copyright Office.  Exhibits I and K are official copyright registrations.

Exh. C, ¶ VII.

20.    On information and belief, in direct breach of the 1989 Agreement, MSM reproduced and distributed copies of the *Gesture* Construction & Arrangement Plan to Sunset Development Company ("Sunset") knowing that Sunset and others intended to use the plan for purposes of boat building and knowing that Sunset would make additional copies of the plans for purposes of boat building.  MSM knowingly and intentionally reproduced and distributed the *Gesture* Plans, in violation of the 1989 Agreement and U.S. Copyright laws, and, as a result, MSM profited from the illegal and unauthorized reproduction and distribution, and/or exercise of other exclusive rights of copyright in the *Gesture* Construction & Arrangement Plan by Sunset.

21.    MSM thereby directly infringed SSL's copyrights in the *Gesture* Construction & Arrangement Plan.

22.    MSM had actual knowledge of SSL's copyrights in the *Gesture* Construction & Arrangement Plan and directly and intentionally breached copyrights in the *Gesture* Construction & Arrangement Plan for profit in violation of the MSM Agreement.

23.    By reason of MSM's acts of direct infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

24.    As a direct and proximate result of MSM's acts of direct copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its direct infringement of the *Gesture* Construction & Arrangement Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's direct copyright infringement of the *Gesture* Construction & Arrangement Plan in an amount to be established at trial.

7

25.     On information and belief, SSL alleges that Defendant MSM has continued to directly infringe copyrights in the *Gesture* Plans by reproducing, distributing, and exercising other exclusive rights of copyright regarding the *Gesture* Plans and other yacht plans.  Further, MSM willfully, intentionally and directly infringed SSL's copyrights in the *Gesture* Construction & Arrangement Plan and other yacht plans which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT TWO

### Direct Copyright Infringement

### (*Gesture* Sail Plan – Copyright Reg. VA 2-230-180)

26.     Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

27.     On information and belief, in direct breach of the 1989 Agreement, MSM reproduced and distributed copies of the *Gesture* Sail Plan to Sunset knowing that Sunset and others intended to use the plan for purposes of boat building and knowing that Sunset would make additional copies of the plans for purposes of boat building.  MSM knowingly and intentionally reproduced and distributed the *Gesture* Plans, in violation of the 1989 Agreement and U.S. Copyright laws, and, as a result, MSM profited from the illegal and unauthorized reproduction and distribution, and/or exercise of other exclusive rights of copyright in the *Gesture* Sail Plan by Sunset.

28.     MSM thereby directly infringed SSL's copyrights in the *Gesture* Sail Plan.

29.     MSM had actual knowledge of SSL's copyrights in the *Gesture* Sail Plan and directly and intentionally breached copyrights in the *Gesture* Sail Plan for profit in violation of the MSM Agreement.

30.     By reason of MSM's acts of direct infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

31.     As a direct and proximate result of MSM's acts of direct copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its direct infringement of the *Gesture* Sail Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's direct copyright infringement of the *Gesture* Sail Plan in an amount to be established at trial.

32.     On information and belief, SSL alleges that Defendant MSM has continued to directly infringe copyrights in the *Gesture* Plans by reproducing, distributing, and exercising other exclusive rights of copyright regarding the *Gesture* Plans and other yacht plans.  Further, MSM willfully, intentionally and directly infringed SSL's copyrights in the *Gesture* Sail Plan and other yacht plans which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT THREE

### Direct Copyright Infringement

### (*Gesture* Lines Plan – Copyright Reg. VA 2-228-355)

33.     Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

34.     On information and belief, in direct breach of the 1989 Agreement, MSM reproduced and distributed copies of the *Gesture* Lines Plan to Sunset knowing that Sunset and others intended to use the plan for purposes of boat building and knowing that Sunset would

make additional copies of the plans for purposes of boat building.  MSM knowingly and intentionally reproduced and distributed the *Gesture* Plans, in violation of the 1989 Agreement and U.S. Copyright laws, and, as a result, MSM profited from the illegal and unauthorized reproduction and distribution, and/or exercise of other exclusive rights of copyright in the *Gesture* Lines Plan in violation of U.S. Copyright laws.

35.    MSM thereby directly infringed SSL's copyrights in the *Gesture* Lines Plan.

36.    MSM had actual knowledge of SSL's copyrights in the *Gesture* Lines Plan and directly and intentionally breached copyrights in the *Gesture* Lines Plan for profit in violation of the MSM Agreement.

37.    By reason of MSM's acts of direct infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

38.    As a direct and proximate result of MSM's acts of direct copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its direct infringement of the *Gesture* Lines Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's direct copyright infringement of the *Gesture* Lines Plan in an amount to be established at trial.

39.    On information and belief, SSL alleges that Defendant MSM has continued to directly infringe copyrights in the *Gesture* Plans by reproducing, distributing, and exercising other exclusive rights of copyright regarding the *Gesture* Plans and other yacht plans.  Further, MSM willfully, intentionally and directly infringed SSL's copyrights in the *Gesture* Lines Plan

and other yacht plans which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT FOUR

### Direct Copyright Infringement

### (*Gesture* Revised Sail Plan – Copyright Reg. 2-228-358)

40.　　Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

41.　　On information and belief, in direct breach of the 1989 Agreement, MSM reproduced and distributed copies of the *Gesture* Revised Sail Plan to Sunset knowing that Sunset and others intended to use the plan for purposes of boat building and knowing that Sunset would make additional copies of the plans for purposes of boat building.  MSM knowingly and intentionally reproduced and distributed the *Gesture* Plans, in violation of the 1989 Agreement and U.S. Copyright laws, and, as a result, MSM profited from the illegal and unauthorized reproduction and distribution, and/or exercise of other exclusive rights of copyright in the *Gesture* Revised Sail Plan by Sunset.

42.　　MSM thereby directly infringed SSL's copyrights in the *Gesture* Revised Sail Plan.

43.　　MSM had actual knowledge of SSL's copyrights in the *Gesture* Revised Sail Plan and directly and intentionally breached copyrights in the *Gesture* Revised Sail Plan for profit in violation of the MSM Agreement.

44.　　By reason of MSM's acts of direct infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

45.     As a direct and proximate result of MSM's acts of direct copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its direct infringement of the *Gesture* Revised Sail Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's direct copyright infringement of the *Gesture* Revised Sail Plan in an amount to be established at trial.

46.     On information and belief, SSL alleges that Defendant MSM has continued to directly infringe copyrights in the *Gesture* Plans by reproducing, distributing, and exercising other exclusive rights of copyright regarding the *Gesture* Plans and other yacht plans.  Further, MSM willfully, intentionally and directly infringed SSL's copyrights in the *Gesture* Revised Sail Plan and other yacht plans which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT FIVE

### Direct Copyright Infringement

### (*Gesture* Deck Plan – Copyright Reg. VA 2-228-360)

47.     Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

48.     On information and belief, in direct breach of the 1989 Agreement, MSM reproduced and distributed copies of the *Gesture* Deck Plan to Sunset knowing that Sunset and others intended to use the plan for purposes of boat building and knowing that Sunset would make additional copies of the plans for purposes of boat building.  MSM knowingly and intentionally reproduced and distributed the *Gesture* Plans, in violation of the 1989 Agreement and U.S. Copyright laws, and, as a result, MSM profited from the illegal and unauthorized

12

reproduction and distribution, and/or exercise of other exclusive rights of copyright in the *Gesture* Deck Plan by Sunset.

49.     MSM thereby directly infringed SSL's copyrights in the *Gesture* Deck Plan.

50.     MSM had actual knowledge of SSL's copyrights in the *Gesture* Deck Plan and directly and intentionally breached copyrights in the *Gesture* Deck Plan for profit in violation of the MSM Agreement.

51.     By reason of MSM's acts of direct infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

52.     As a direct and proximate result of MSM's acts of direct copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its direct infringement of the *Gesture* Deck Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's direct copyright infringement of the *Gesture* Deck Plan in an amount to be established at trial.

53.     On information and belief, SSL alleges that Defendant MSM has continued to directly infringe copyrights in the *Gesture* Plans by reproducing, distributing, and exercising other exclusive rights of copyright regarding the *Gesture* Plans and other yacht plans.  Further, MSM willfully, intentionally and directly infringed SSL's copyrights in the *Gesture* Deck Plan and other yacht plans which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT SIX

### Contributory Copyright Infringement

### (*Gesture* Construction & Arrangement Plan – Copyright Reg. VA 2-230-174)

54.     Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

55.     SSL owns by assignment all exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 et seq. and all amendments thereto) to reproduce, distribute, display, license and/or create derivative works of copyrights in the *Gesture* Designs.

56.     The *Gesture* Designs are an original work created by Plaintiffs' predecessors in interest and now owned exclusively by SSL and are copyrightable under the Copyright Act.

57.     Sparkman & Stephens has registered the *Gesture* Construction & Arrangement Plan with the U.S. Copyright Office as Copyright Reg. VA 2-230-174, having an effective date of December 21, 2020.  A true and correct copy of the *Gesture* Construction & Arrangement Plan is attached hereto as Exhibit A.  A true and correct copy of unofficial Copyright Reg. VA 2-230-174 covering the *Gesture* Construction & Arrangement Plan is attached hereto as Exhibit B.

58.     Under the 1989 Agreement, MSM was prohibited from licensing any of the Sparkman & Stephens Designs, including the *Gesture* Construction & Arrangement Plan, to third parties for purposes of reproducing, distributing, or creating derivative works of the *Gesture* Designs except for limited purposes such as building model boats.

59.     Specifically, the 1989 Agreement required that "Sailplans and profiles, and arrangement drawings of decks and interiors (hereinafter Category I drawings) may be reproduced and sold by MSM for research and publication . . . ."  Exh. C, ¶ VII.  The Agreement further provided as follows:

14

Reproductions of other drawings (hereinafter Category II drawings) will be sold by MSM under a legally-binding, two party agreement stating that they will be used exclusively for study or model-making, that they will not be copied, that they will not be used for boatbuilding, and that they will not be published or passed on to others.  Category II drawings will not be released for publication without written approval from S&S.  Third party violation of plan restrictions, such as boats being built without S&S agreement, will be handled on a case basis with legal action being initiated by either S&S or MSN on its own behalf.

Exh. C, ¶ 7.

60.    On information and belief, in direct breach of the 1989 Agreement, MSM sold copies of the *Gesture* Construction & Arrangement Plan to Sunset and MSM knowingly and intentionally expressly induced and encouraged Sunset to reproduce, distribute, display and/or exercise other exclusive rights of copyright with respect to the *Gesture* Construction & Arrangement Plan, in violation of the 1989 Agreement and the Agreement between MSM and Sunset, and MSM resultingly profited from the illegal and unauthorized reproduction, distribution, display and/or exercise of other exclusive rights of copyright in the *Gesture* Construction & Arrangement Plan by Sunset.

61.    On information and belief, after receiving the *Gesture* Construction & Arrangement Plan from MSM and having been induced and encouraged to reproduce the *Gesture* Construction & Arrangement Plan by MSM in violation of the 1989 Agreement and the Agreement between MSM and Sunset, Sunset reproduced, distributed, and/or created derivative works of the *Gesture* Construction & Arrangement Plan in violation of the 1989 Agreement in connection with the rebuilding and restoration of *Gesture* thereby directly infringing SSL's copyrights in the *Gesture* Construction & Arrangement Plan.

62.    MSM had actual knowledge of the acts of direct infringement of the *Gesture* Construction & Arrangement Plan committed by Sunset because, for example, MSM induced

and encouraged Sunset to infringe the *Gesture* Construction & Arrangement Plan in connection with the rebuilding and restoration of *Gesture*.

63.    By reason of MSM's acts of contributory infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

64.    As a direct and proximate result of MSM's acts of contributory copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its contributory infringement of the *Gesture* Construction & Arrangement Plan.    Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's contributory copyright infringement of the *Gesture* Construction & Arrangement Plan in an amount to be established at trial.

65.    On information and belief, SSL alleges that Defendant MSM has continued to induce and encourage Sunset and others to reproduce, distribute, display and exercise other exclusive rights of copyright regarding the *Gesture* Construction & Arrangement Plan with knowledge that the resulting direct infringement by Sunset and others as alleged above are and continue to be willful, intentional and malicious, subjecting MSM to liability therefore.    Further, MSM willfully, intentionally and contributorily infringed SSL's copyrights in the *Gesture* Construction & Arrangement Plan which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT SEVEN

### Contributory Copyright Infringement

### (*Gesture* Sail Plan – Copyright Reg. VA 2-230-180)

66.    Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

67.    SSL owns by assignment all exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 et seq. and all amendments thereto) to reproduce, distribute, display, license and/or create derivative works of copyrights in the *Gesture* Sail Plan.

68.    The *Gesture* Sail Plan is an original work created by Plaintiffs' predecessors in interest and now owned exclusively by SSL and is copyrightable under the Copyright Act.

69.    Sparkman & Stephens has registered the *Gesture* Sail Plan with the U.S. Copyright Office as Copyright Right Reg. VA 2.230-180, having an effective date of December 21, 2021.  A true and correct copy of the *Gesture* Sail Plan is attached hereto as Exhibit D.  A true and correct copy of unofficial Copyright Reg. VA 2-230-180 covering the *Gesture* Sail Plan is attached hereto as Exhibit E.

70.    Under the 1989 Agreement, MSM was prohibited from licensing any of the Sparkman & Stephens Designs, including the *Gesture* Designs, to third parties for purposes of reproducing, distributing, or creating derivative works of the *Gesture* Designs except for limited purposes such as building model boats.

71.    Specifically, the 1989 Agreement required that "Sailplans and profiles, and arrangement drawings of decks and interiors (hereinafter Category I drawings) may be reproduced and sold by MSM for research and publication . . . ."  Exh. C, ¶ VII.  The Agreement further provided as follows:

Reproductions of other drawings (hereinafter Category II drawings) will be sold by MSM under a legally-binding, two party agreement stating that they will be used exclusively for study or model-making, that they will not be copied, that they will not be used for boatbuilding, and that they will not be published or passed on to others.  Category II drawings will not be released for publication without written approval from S&S.  Third party violation of plan restrictions, such as boats being built without S&S agreement, will be handled on a case basis with legal action being initiated by either S&S or MSN on its own behalf.

Exh. C, ¶ 7.

72.    On information and belief, in direct breach of the 1989 Agreement, MSM sold copies of the *Gesture* Sail Plan to Sunset and MSM knowingly and intentionally expressly induced and encouraged Sunset to reproduce, distribute, display and/or exercise other exclusive rights of copyright with respect to the *Gesture* Designs, in violation of the 1989 Agreement and the Agreement between MSM and Sunset, and MSM resultingly profited from the illegal and unauthorized reproduction, distribution, display and/or exercise of other exclusive rights of copyright in the *Gesture* Sail Plan by Sunset.

73.    On information and belief, after receiving the *Gesture* Sail Plan from MSM and having been induced and encouraged to reproduce the *Gesture* Sail Plan by MSM in violation of the 1989 Agreement and the Agreement between MSM and Sunset, Sunset reproduced, distributed, and/or created derivative works of the *Gesture* Sail Plan in violation of the 1989 Agreement in connection with the rebuilding and restoration of *Gesture* thereby directly infringing SSL's copyrights in the *Gesture* Sail Plan.

74.    MSM had actual knowledge of the acts of direct infringement of the *Gesture* Sail Plan committed by Sunset because, for example, MSM induced and encouraged Sunset to infringe the *Gesture* Sail Plan in connection with the rebuilding and restoration of *Gesture*.

75.     By reason of MSM's acts of contributory infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

76.     As a direct and proximate result of MSM's acts of contributory copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its contributory infringement of the *Gesture* Sail Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's contributory copyright infringement of the *Gesture* Designs in an amount to be established at trial.

77.     On information and belief, SSL alleges that Defendant MSM has continued to induce and encourage Sunset and others to reproduce, distribute, display and exercise other exclusive rights of copyright regarding the *Gesture* Sail Plan with knowledge that the resulting direct infringement by Sunset and others as alleged above are and continue to be willful, intentional and malicious, subjecting MSM to liability therefore.   Further, MSM willfully, intentionally and contributorily infringed SSL's copyrights in the *Gesture* Sail Plan which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT EIGHT

### Contributory Copyright Infringement

### (*Gesture* Lines Plan – Copyright Reg. VA 2-228-355)

78.     Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

79.      SSL owns by assignment all exclusive rights under the Copyright Act of 1976 (17
USC §§ 101 et seq. and all amendments thereto) to reproduce, distribute, display, license and/or
create derivative works of copyrights in the *Gesture* Lines Plan.

80.      The *Gesture* Lines Plan is an original work created by Plaintiffs' predecessors in
interest and now owned exclusively by SSL and is copyrightable under the Copyright Act.

81.      Sparkman & Stephens has registered the *Gesture* Lines Plan with the U.S.
Copyright Office as Copyright Right Reg. VA 2-228-355, having an effective date of November
24, 2020.  A true and correct copy of the *Gesture* Lines Plan is attached hereto as Exhibit F.  A
true and correct copy of unofficial Copyright Reg. VA 2-228-355 covering the *Gesture* Lines
Plan is attached hereto as Exhibit G.

82.      Under the 1989 Agreement, MSM was prohibited from licensing any of the
Sparkman & Stephens Designs, including the *Gesture* Lines Plan, to third parties for purposes of
reproducing, distributing, or creating derivative works of the *Gesture* Lines Plan except for
limited purposes such as building model boats.

83.      Specifically, the 1989 Agreement required that "Sailplans and profiles, and
arrangement drawings of decks and interiors (hereinafter Category I drawings) may be
reproduced and sold by MSM for research and publication . . . ."  Exh. C, ¶ VII.  The Agreement
further provided as follows:

> Reproductions of other drawings (hereinafter Category II drawings) will be sold
> by MSM under a legally-binding, two party agreement stating that they will be
> used exclusively for study or model-making, that they will not be copied, that
> they will not be used for boatbuilding, and that they will not be published or
> passed on to others.  Category II drawings will not be released for publication
> without written approval from S&S.  Third party violation of plan restrictions,
> such as boats being built without S&S agreement, will be handled on a case basis
> with legal action being initiated by either S&S or MSN on its own behalf.

Exh. C, ¶ 7.

84.     On information and belief, in direct breach of the 1989 Agreement, MSM sold copies of the *Gesture* Lines Plan to Sunset and MSM knowingly and intentionally expressly induced and encouraged Sunset to reproduce, distribute, display and/or exercise other exclusive rights of copyright with respect to the *Gesture* Lines Plan, in violation of the 1989 Agreement and the Agreement between MSM and Sunset, and MSM resultingly profited from the illegal and unauthorized reproduction, distribution, display and/or exercise of other exclusive rights of copyright in the *Gesture* Lines Plan by Sunset.

85.     On information and belief, after receiving the *Gesture* Lines Plan from MSM and having been induced and encouraged to reproduce the *Gesture* Lines Plan by MSM in violation of the 1989 Agreement and the Agreement between MSM and Sunset, Sunset reproduced, distributed, and/or created derivative works of the *Gesture* Lines Plan in violation of the 1989 Agreement in connection with the rebuilding and restoration of *Gesture* thereby directly infringing SSL's copyrights in the *Gesture* Lines Plan.

86.     MSM had actual knowledge of the acts of direct infringement of the *Gesture* Lines Plan committed by Sunset because, for example, MSM induced and encouraged Sunset to infringe the *Gesture* Lines Plan in connection with the rebuilding and restoration of *Gesture*.

87.     By reason of MSM's acts of contributory infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

88.     As a direct and proximate result of MSM's acts of contributory copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its contributory infringement of the *Gesture* Lines Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly

attributable to MSM's contributory copyright infringement of the *Gesture* Lines Plan in an amount to be established at trial.

89.     On information and belief, SSL alleges that Defendant MSM has continued to induce and encourage Sunset and others to reproduce, distribute, display and exercise other exclusive rights of copyright regarding the *Gesture* Lines Plan with knowledge that the resulting direct infringement by Sunset and others as alleged above are and continue to be willful, intentional and malicious, subjecting MSM to liability therefore.   Further, MSM willfully, intentionally and contributorily infringed SSL's copyrights in the *Gesture* Lines Plan which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT NINE

### Contributory Copyright Infringement

### (*Gesture* Revised Sail Plan – Copyright Reg. 2-228-358)

90.     Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

91.     SSL owns by assignment all exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 et seq. and all amendments thereto) to reproduce, distribute, display, license and/or create derivative works of copyrights in the *Gesture* Revised Sail Plan.

92.     The *Gesture* Revised Sail Plan is an original work created by Plaintiffs' predecessors in interest and now owned exclusively by SSL and is copyrightable under the Copyright Act.

93.     Sparkman & Stephens has registered the *Gesture* Revised Sail Plan with the U.S. Copyright Office as Copyright Right Reg. VA 2-228-358, having an effective date of November 24, 2020.  A true and correct copy of the *Gesture* Revised Sail Plan is attached hereto as Exhibit

H.  A true and correct copy of official Copyright Reg. VA 2-228-358 covering the *Gesture* Revised Sail Plan is attached hereto as Exhibit I.

94.    Under the 1989 Agreement, MSM was prohibited from licensing any of the Sparkman & Stephens Designs, including the *Gesture* Revised Sail Plan, to third parties for purposes of reproducing, distributing, or creating derivative works of the *Gesture* Designs except for limited purposes such as building model boats.

95.    Specifically, the 1989 Agreement required that "Sailplans and profiles, and arrangement drawings of decks and interiors (hereinafter Category I drawings) may be reproduced and sold by MSM for research and publication . . . ." Exh. C ¶ VII.  The Agreement further provided as follows:

> Reproductions of other drawings (hereinafter Category II drawings) will be sold by MSM under a legally-binding, two party agreement stating that they will be used exclusively for study or model-making, that they will not be copied, that they will not be used for boatbuilding, and that they will not be published or passed on to others.  Category II drawings will not be released for publication without written approval from S&S.  Third party violation of plan restrictions, such as boats being built without S&S agreement, will be handled on a case basis with legal action being initiated by either S&S or MSN on its own behalf.

Exh. C, ¶ 7.

96.    On information and belief, in direct breach of the 1989 Agreement, MSM sold copies of the *Gesture* Revised Sail Plan to Sunset and MSM knowingly and intentionally expressly induced and encouraged Sunset to reproduce, distribute, display and/or exercise other exclusive rights of copyright with respect to the *Gesture* Revised Sail Plan, in violation of the 1989 Agreement and the Agreement between MSM and Sunset, and MSM resultingly profited from the illegal and unauthorized reproduction, distribution, display and/or exercise of other exclusive rights of copyright in the *Gesture* Revised Sail Plan by Sunset.

97.     On information and belief, after receiving the *Gesture* Revised Sail Plan from MSM and having been induced and encouraged to reproduce the *Gesture* Revised Sail Plan by MSM in violation of the 1989 Agreement and the Agreement between MSM and Sunset, Sunset reproduced, distributed, and/or created derivative works of the *Gesture* Revised Sail Plan in violation of the 1989 Agreement in connection with the rebuilding and restoration of *Gesture* thereby directly infringing SSL's copyrights in the *Gesture* Revised Sail Plan.

98.     MSM had actual knowledge of the acts of direct infringement of the *Gesture* Revised Sail Plan committed by Sunset because, for example, MSM induced and encouraged Sunset to infringe the *Gesture* Revised Sail Plan in connection with the rebuilding and restoration of *Gesture*.

99.     By reason of MSM's acts of contributory infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

100.    As a direct and proximate result of MSM's acts of contributory copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its contributory infringement of the *Gesture* Revised Sail Plan. Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's contributory copyright infringement of the *Gesture* Revised Sail Plan in an amount to be established at trial.

101.    On information and belief, SSL alleges that Defendant MSM has continued to induce and encourage Sunset and others to reproduce, distribute, display and exercise other exclusive rights of copyright regarding the *Gesture* Revised Sail Plan with knowledge that the resulting direct infringement by Sunset and others as alleged above are and continue to be

willful, intentional and malicious, subjecting MSM to liability therefore. Further, MSM willfully, intentionally and contributorily infringed SSL's copyrights in the *Gesture* Revised Sail Plan which renders MSM liable for damages and disgorgement of profits as alleged herein.

## COUNT TEN

### Contributory Copyright Infringement

### (*Gesture* Deck Plan – Copyright Reg. VA 2-228-360)

102.    Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

103.    SSL owns by assignment all exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 et seq. and all amendments thereto) to reproduce, distribute, display, license and/or create derivative works of copyrights in the *Gesture* Deck Plan.

104.    The *Gesture* Deck Plan is an original work created by Plaintiffs' predecessors in interest and now owned exclusively by SSL and is copyrightable under the Copyright Act.

105.    Sparkman & Stephens has registered the *Gesture* Deck Plan with the U.S. Copyright Office as Copyright Right Reg. VA 2-228-360, having an effective date of November 24, 2020. A true and correct copy of the *Gesture* Deck Plan is attached hereto as Exhibit J. A true and correct copy of official Copyright Reg. VA 2-228-360 covering the *Gesture* Deck Plan is attached hereto as Exhibit K.

106.    Under the 1989 Agreement, MSM was prohibited from licensing any of the Sparkman & Stephens Designs, including the *Gesture* Deck Plan, to third parties for purposes of reproducing, distributing, or creating derivative works of the *Gesture* Designs except for limited purposes such as building model boats.

107.    Specifically, the 1989 Agreement required that "Sailplans and profiles, and arrangement drawings of decks and interiors (hereinafter Category I drawings) may be reproduced and sold by MSM for research and publication . . . ." Exh. C ¶ VII. The Agreement further provided as follows:

> Reproductions of other drawings (hereinafter Category II drawings) will be sold by MSM under a legally-binding, two party agreement stating that they will be used exclusively for study or model-making, that they will not be copied, that they will not be used for boatbuilding, and that they will not be published or passed on to others. Category II drawings will not be released for publication without written approval from S&S. Third party violation of plan restrictions, such as boats being built without S&S agreement, will be handled on a case basis with legal action being initiated by either S&S or MSN on its own behalf.

Exh. C, ¶ 7.

108.    On information and belief, in direct breach of the 1989 Agreement, MSM sold copies of the *Gesture* Deck Plan to Sunset and MSM knowingly and intentionally expressly induced and encouraged Sunset to reproduce, distribute, display and/or exercise other exclusive rights of copyright with respect to the *Gesture* Deck Plan, in violation of the 1989 Agreement and the Agreement between MSM and Sunset, and MSM resultingly profited from the illegal and unauthorized reproduction, distribution, display and/or exercise of other exclusive rights of copyright in the *Gesture* Deck Plan by Sunset.

109.    On information and belief, after receiving the *Gesture* Deck Plan from MSM and having been induced and encouraged to reproduce the *Gesture* Deck Plan by MSM in violation of the 1989 Agreement and the Agreement between MSM and Sunset, Sunset reproduced, distributed, and/or created derivative works of the *Gesture* Deck Plan in violation of the 1989 Agreement in connection with the rebuilding and restoration of *Gesture* thereby directly infringing SSL's copyrights in the *Gesture* Deck Plan.

26

110.    MSM had actual knowledge of the acts of direct infringement of the *Gesture* Deck Plan committed by Sunset because, for example, MSM induced and encouraged Sunset to infringe the *Gesture* Deck Plan in connection with the rebuilding and restoration of *Gesture*.

111.    By reason of MSM's acts of contributory infringement as alleged above, SSL has suffered and will continue to suffer actual and special damages to its business in an amount to be established at trial.

112.    As a direct and proximate result of MSM's acts of contributory copyright infringement alleged above, MSM has obtained direct and indirect profits it otherwise would not have realized but for its contributory infringement of the *Gesture* Deck Plan.  Accordingly, SSL is entitled to disgorgement of MSM's illegal and ill-gotten profits directly and indirectly attributable to MSM's contributory copyright infringement of the *Gesture* Deck Plan in an amount to be established at trial.

113.    On information and belief, Plaintiff alleges that Defendant MSM has continued to induce and encourage Sunset and others to reproduce, distribute, display and exercise other exclusive rights of copyright regarding the *Gesture* Deck Plan with knowledge that the resulting direct infringement by Sunset and others as alleged above are and continue to be willful, intentional and malicious, subjecting MSM to liability therefore.  Further, MSM willfully, intentionally and contributorily infringed SSL's copyrights in the *Gesture* Deck Plan which renders MSM liable for damages and disgorgement of profits as alleged herein.

## <u>COUNT ELEVEN</u>

### (Breach of Contract)

114.    Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

**MSM's Failure to Properly Preserve S&S Materials**

115.    On February 15, 1989, Plaintiffs' predecessor entity, Sparkman & Stephens, Inc., and MSM entered into a Memorandum of Agreement Regarding Transfer and Microfilming of S&S Plans (the "1989 Agreement").  The 1989 Agreement is attached as Exhibit C hereto.  The 1989 Agreement is still in force and has governed the donation of Sparkman & Stephens' materials to MSM at all times since it was signed.

116.    Under the 1989 Agreement, Sparkman & Stephens agreed to donate and physically transfer original Sparkman & Stephens ship drawings and associated records created between 1928 and 1977, along with later designs, (the "materials") in exchange for certain conditions.  Exh. C, Preamble.  The materials carry both historic and economic importance to Sparkman & Stephens because many of the materials are not only original records of Sparkman & Stephens' past, but are still used in building (and rebuilding) yachts today.

117.    The primary object of Sparkman & Stephens' donation was for MSM to provide for safekeeping and study of the materials.  Exh. C, ¶ I.  In particular, Sparkman & Stephens sought to secure long-term preservation of the materials.  Exh. C, Preamble.

118.    Sparkman & Stephens provided the materials to MSM pursuant to the 1989 Agreement.

119.    On information and belief, MSM has failed to properly safe-keep and maintain certain of the materials, including maintaining certain of the technical drawings in unsuitable, non-climate-controlled environments in direct violation of its obligation to preserve valuable and irreplaceable Sparkman & Stephens historic documents.  MSM's failure to secure long-term preservation of certain of the materials is a material breach of the 1989 Agreement by MSM.

**MSM's Improper Reproduction and Sales of MSM Materials**

120.    The 1989 Agreement also governs MSM's reproduction of the materials.  MSM is permitted to reproduce and sell sail plans and profiles, and arrangement drawings of decks and interiors (referred to as Category I drawings) for research and publication purposes.  Exh. C, ¶ VII.  MSM may only reproduce and sell other drawings (referred to as Category II drawings) under a legally-binding two-party agreement stating that the drawings will not be copied, will not be used for boatbuilding, and will not be published or passed on to others.  Exh. C, ¶ VII.

121.    Under the 1989 Agreement, permission to build boats from any drawings in the Sparkman & Stephens collection will be in the sole discretion of Sparkman & Stephens, who may negotiate directly with the builder, and MSM is required to refer any inquiries regarding boat building to Sparkman & Stephens.  Exh. C, ¶ X.  The 1989 Agreement also requires that Category II drawings will not be released for publication without written approval from Sparkman & Stephens and that income from sales of plans for building purposes will be retained by Sparkman & Stephens.  Exh. C, ¶¶ VII, XII.

122.    On information and belief, in May 2018, MSM sold a copy of the plans for Sparkman & Stephens' *Gesture* ship Design No. 341 to Alex Mehran Jr. of Sunset.  On further information and belief, MSM sold the plans with the knowledge that they would be used to rebuild an existing ship.  Sparkman & Stephens did not know of or approve of this sale and Sparkman & Stephens did not receive any income from the sale of these plans.

123.    On information and belief, MSM has sold additional copies of Sparkman & Stephens' plans to third parties for their use in building or rebuilding yachts, other than *Gesture*, and thereby has deprived Sparkman & Stephens of lost profits it otherwise would have received.

124.    MSM's copying and sale of plans for boatbuilding without obtaining Sparkman & Stephens' approval and without providing the resulting income to Sparkman & Stephens constitutes a material breach of the 1989 Agreement by MSM, and thereby has greatly damaged Sparkman & Stephens.

**MSM's Failure to Keep an Appropriate Log of S&S Drawing Sales**

125.    The 1989 Agreement states that "MSM will maintain a log of all Sparkman & Stephens drawings sold and make this information available to S&S upon request." Exh. C, ¶ IV. On information and belief, MSM has not maintained a log of all Sparkman & Stephens' drawings sold between at least the years 2000 to 2004.  MSM's failure to maintain such log constitutes a material breach of the 1989 Agreement.

126.    MSM's breach of contract has damaged Sparkman & Stephens in an amount exceeding $75,000.

## COUNT TWELVE

### (Unjust Enrichment)

127.    Sparkman & Stephens repeats and re-alleges the preceding paragraphs as if fully set forth herein.

128.    MSM has enriched itself through its relationship with Sparkman & Stephens. MSM has received the benefit of advertising and displaying the Sparkman & Stephens materials as part of its collection for the past thirty years, thus increasing the quality and appeal of its collection to the general public as well as researchers, model builders and yacht designers and builders.  Further, MSM has enjoyed the benefit of income from the sale of Sparkman & Stephens' materials pursuant to paragraphs VII and VIII of the 1989 Agreement.

129.     MSM's benefit has come at the expense of Sparkman & Stephens.  MSM has not paid income to Sparkman & Stephens for sale of plans related to boat building as required under paragraph X of the 1989 Agreement.  Further, certain of Sparkman & Stephens' materials (which are of great value to Sparkman & Stephens) have not been properly maintained and are deteriorating due to MSM's failure to properly preserve these historic materials.  Finally, MSM has failed to maintain the proper logs of its sales of Sparkman & Stephens' drawings as required by Paragraph IX of the 1989 Agreement.

130.     As a result, Sparkman & Stephens has lost and been deprived of substantial income it otherwise would have obtained through the sale of its plans and retention of its design services.  Further, valuable Sparkman & Stephens materials have been damaged through MSM's failure to properly preserve these historic items.   These actions have been detrimental to Sparkman & Stephens.

131.     MSM's unjust enrichment has damaged Sparkman & Stephens in an amount greatly exceeding $75,000.

## DEMAND FOR JURY TRIAL

132.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand trial by jury on all issues triable by right of jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request judgment against Defendant MSM and relief as follows:

133.     That the Court enter judgment in Plaintiffs' favor against MSM on all claims;

134.     For entry of an injunction:

a.  permanently enjoining Defendant MSM, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from directly or indirectly infringing SSL's rights in the registered copyrights, including without limitation by copying, distributing, displaying, performing, or creating derivative works of SSL's materials, except pursuant to a lawful license and with express written authority from SSL;

b.  requiring Defendant MSM to deliver to Plaintiffs all unauthorized copies of Sparkman & Stephens' materials transferred to or contained on any physical or digital medium or device in Defendant MSM's possession, custody or control; and

c.  requiring Defendant MSM to identify each person or entity to which MSM copied, distributed, or transferred any unauthorized copy of Sparkman & Stephens' materials;

135.  For an award of actual damages to SSL and additional unlawful profits caused by MSM's copyright infringement, as pled in Counts I – X of the Complaint, as well as statutory damages and attorney's fees, to the extent available under the law.

136.  For an order cancelling the 1989 Agreement and requiring MSM to return all of Sparkman & Stephens' materials to Plaintiffs;

137.  For an award of damages sufficient to compensate Sparkman & Stephens for MSM's breach of contract and unjust enrichment;

138.  For an award of prejudgment and post-judgment interest according to law;

139.  For Plaintiffs' costs and disbursements in this action; and

140.    Awarding such other and further relief as this Court deems just and proper.


Respectfully Submitted,
Sparkman & Stephens Holding, LLC and
Sparkman & Stephens, LLC


January 15, 2021              */s/ Christopher J. McNally*
                             Christopher J. McNally (#9195)


                             */s/ Peter Brent Regan*
                             Peter Brent Regan (#3421)
                             SAYER REGAN & THAYER LLP
                             130 Bellevue Avenue
                             Newport, RI 02840
                             (401) 849-3040
                             cmcnally@srt-law.com
                             pregan@srt-law.com

                                     and

                             Eric W. Schweibenz *(Pro hac vice pending)*
                             Stephen P. McBride (*Pro hac vice pending*)
                             OBLON, McCLELLAND, MAIER &
                             NEUSTADT, L.L.P.
                             1940 Duke Street
                             Alexandria, VA 22314
                             (703) 413-3000
                             eschweibenz@oblon.com
                             smcbride@oblon.com