UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| SPARKMAN & STEPHENS, LLC and SPARKMAN & STEPHENS HOLDING, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MYSTIC SEAPORT MUSEUM, INC.,<br><br>　　　　Defendant. | C.A. No. 1:21-CV-00029-MSM-LDA |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is defendant Mystic Seaport Museum, Inc.'s ("Mystic") Motion for a Finding that It Has Preserved a Statute of Limitations Defense or, in the Alternative, for Leave to Amend Its Answer. (ECF No. 47.) For the reasons explained below the Court GRANTS Mystic's Motion for Leave to Amend Its Answer.

Mystic first argues that it has not waived a statute of limitations defense, despite failing to assert such a defense in its Answer as required under Fed. R. Civ. P. 8(c), because "[t]he purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued." *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 593 (1st Cir. 1995), *abrogated on other grounds by Carpenters Loc. Union No. 26 v. U.S. Fid. & Guar. Co.*, 215 F.3d 136 (1st Cir. 2000). Here Mystic argues that, although it mistakenly failed to include a statute of limitations defense in its Answer, plaintiffs Sparkman & Stephens, LLC and Sparkman & Stephens

1

Holding, LLC ("S&S") already had fair warning that Mystic was planning to pursue this line of defense from the dozens of times it invoked the "applicable statute of limitations" in its discovery responses and during a meet-and-confer between parties' counsel. (ECF No. 47-1 at 6-9.) Mystic further argues that S&S failed to offer evidence for how inclusion of this defense would prejudice plaintiffs in any way. *Id.* S&S responds that such invocations from counsel "are no substitute for following the rules." (ECF No. 49 at 5-6.) It also argues that Mystic's reliance on *Williams* is misplaced, as the court's holding in that case, that an unstated defense could be preserved, turned largely on the idea that the defense at issue, preemption, could be encompassed by a broader Rule 12(b)(6) defense that the defendant had specifically asserted in its Answer. That is not the case here. *See Williams*, 45 F.3d at 593.

The parties disagree about whether Mystic's Motion for Leave to Amend Its Answer (ECF No. 47) should be governed by the more lenient "freely given" standard of Fed. R. Civ. P. 15(a)(2) or the stricter "good cause" standard of Rule 16(b)(4). S&S emphasizes that Mystic missed the March 22, 2022, deadline to amend pleadings that was set by the Court's initial pretrial scheduling order, thereby triggering the Rule 16 standard. (ECF No. 49 at 7-8.) Mystic argues that this March 22 deadline was terminated by the parties' stipulation on March 16, 2022, allowing S&S to file an amended complaint, and that because the Court's June 29, 2022, amended order did not reinstate any deadline for amending pleadings, the Rule 15 standard continues to apply. (ECF No. 47 at 11-12.) This debate is not determinative, as the Court finds that Mystic should prevail even on the narrower Rule 16 standard.

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The First Circuit has explained that this standard "emphasizes the diligence of the party seeking amendment." *O'Connell v. Hyatt Hotels of P. R.*, 357 F.3d 152, 155 (1st Cir. 2004). Prejudice to the opposing party is a factor in this analysis but "not the dominant criterion." *Id.* Additional considerations may include whether the amendment requires the re-opening of discovery, whether there will be additional costs, and whether there will be substantial changes to the course of the case. *Caribbean Parts Agency, Inc. v. Hastings Mfg. Co., LLL*, 262 F.R.D. 88, *91 (D.P.R. 2009).

S&S emphasizes the First Circuit's holding in *O'Connell* that "indifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *O'Connell*, 357 F.3d at 155. (ECF No. 49 at 14-15.) The *O'Connell* plaintiffs were held to be indifferent when, despite stipulating that they would seek to amend within thirty days of their case's transfer, they waited over a year after the transfer and five months after the scheduling order deadline to act. *Id.*

However, unlike the plaintiffs in *O'Connell*, it is clear to the Court that Mystic's predicament results from inadvertence, not indifference. Mystic has detailed how it raised the "applicable statute of limitations" dozens of times in the discovery responses it served on S&S shortly after filing its Answer, once again during a meet-and-confer with S&S six weeks later, and six more times in another set of discovery responses in August of this year. (ECF No. 50 at 13-14.) Further, after discovering

its omission on August 23, 2022, Mystic exhibited diligence in raising the issue with S&S that same day, seeking consent from S&S to amend a few days later, and filing its Motion for Leave to Amend six days after receiving a denial from S&S. (ECF No. 47 at 17.)

District courts often grant leave to amend under Rule 16(b)(4) to cure an inadvertent omission such as the one Mystic made in this case. *See, e.g.*, *Norton v. LVNV Funding, LLC*, 2020 WL 2557003, at *2–4 (N.D. Cal. May 19, 2020); *Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, 2019 WL 11270470, at *1–3 (D.N.J. June 12, 2019); *Tovares v. Gallagher Bassett Servs., Inc.*, 2019 WL 1332649, at *2–5 (D.S.D. March 25, 2019); *Schreck v. Walmart*, 2009 WL 4800225, at *2 (D.N.J. Dec. 8, 2009); *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, No. 08–2177, 2012 WL 406905, at *5 (D.N.J. Feb. 7, 2012); *Al-Sabah v. Agbodjogbe*, 2017 WL 4467495, at *3 (D. Md. Oct. 5, 2017). While allowing an amendment might not be appropriate where it would prejudice the opposing party, require the re-opening of discovery, or substantially change the course of the case, that is not the case here. *See Caribbean Parts Agency, Inc.*, 262 F.R.D. at *91. S&S has failed to demonstrate that allowing this limited amendment would result in prejudice to them. Accordingly, the Court finds that good cause has been met and Rule 16 has been satisfied.

For these reasons, the Court finds that Mystic has not preserved a statute of limitations defense but also GRANTS Mystic's Motion for Leave to Amend Its Answer (ECF No. 47). An amended answer must be filed within 20 days of this order.

4

IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge

January 20, 2023